Robert Lee BYRD, Appellant,

v.

The STATE of Texas, Appellee.

No. 42377.

Court of Criminal Appeals of Texas.

Nov. 19, 1969.

Glen Hausenfluck, Fort Worth (court appointed) for appellant.

Frank Coffey, Dist. Atty., Fort Worth, Roland H. Hill, Jr., and Truman Power, Asst. Dist. Attys., Fort Worth, and Jim Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Judge.

This is an appeal from a conviction for the felony offense of driving while intoxicated with the punishment assessed at confinement in the Texas Department of Corrections for 2 years.

In his sole ground of error appellant contends his warrantless arrest was illegal and the court erred in admitting fruits of the search incident thereto as well as testimony of his appearance at the time.

Fort Worth Police Officer J. A. Bradley testified that on May 30, 1968, between 9

and 10 p. m. he was in the process of investigating a burglary which had occurred that afternoon; that he had earlier been given information from a fellow police officer that the suspect sought was driving a black four door 1959 Cadillac bearing dealer's paper tags; that while at the house in question in the City of Forth Worth he observed appellant in an automobile fitting such description parked in front of the house; that when he saw the appellant the appellant "left in a hurry" and he and Officer Willard followed and attempted to stop the appellant; that they drove alongside of appellant's car, turned on the red lights and spotlight of the patrol car, rolled down the car window and yelled at appellant to stop but to no avail, though the appellant looked at them several times; that the appellant crossed Beech Street and pulled into a department store's parking lot in Haltom City, where with the apparent assistance of another police vehicle they were able to stop the appellant; that upon approaching appellant's vehicle and asking his name it was observed that appellant had a strong odor of alcohol about his person, his eyes were bloodshot and watery, his speech slurred and incoherent, and he appeared to be intoxicated; that a search of appellant's automobile revealed a half finished "mixed drink" and an unsealed bottle of wine.

Officer Willard corroborated Officer Bradley's testimony.

Testifying in his own behalf appellant stated that at the time in question on his return from a grocery store he drove past the address in question where his "fiancee of the time and * * * ex-wife" lived; that he did not stop and park; that he did not realize the officers were attempting to get him to stop; that he was not intoxicated, just sick and "not feeling good."

■ It would clearly appear under the circumstances described that the officers had probable cause to arrest appellant without a warrant under the provisions of Article 14.03 or Article 14.04, Vernon's Ann.C.C.P. Laube v. State, Tex.Cr.App., 417 S.W.2d 288; Houston v. State, Tex. Cr.App., 428 S.W.2d 353; Trammell v. State, Tex.Cir.App., 445 S.W.2d 190; Converse v. State, Tex.Cr.App., 386 S.W.2d 283. Therefore, the evidence of what the search revealed was admissible.

■ Further, where the original arrest is lawful the arresting officer is authorized to make an additional arrest for any other offense unexpectedly discovered during the course of investigation and incident to the newly discovered offense conduct an additional search for physical evidence. Denham v. State, Tex.Cr.App., 428 S.W.2d 814; Taylor v. State, Tex.Cr.App., 421 S.W.2d 403; Gutierrez v. State, Tex.Cr.App., 422 S.W.2d 467. The officers, having the right to make a warrantless arrest under the provisions of Articles 14.03 and 14.04, supra, and then having acquired probable cause to believe that the appellant had been driving while intoxicated, were also authorized to search incident to that offense and fruits of such search would be admissible.

■ Still further, it is observed that Article 2.24, V.A.C.C.P., provides that "[w]henever a peace officer has reasonable grounds to believe that a crime has been committed, he may stop any person whom he reasonably believes was present and may demand of him his name and address." If a person is stopped under such circumstances and at that or during such time the officer acquires probable cause to arrest for some offense, he may arrest and then incident to such arrest conduct a search for physical evidence.

The judgment is affirmed.