**Earlie B. MANGUM, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 46089.

Court of Criminal Appeals of Texas.

May 1, 1973.

Robert C. Sullivan, Waco, for appellant.

Martin Eichelberger, Dist. Atty., Joe Guyton, and Sue Zane McMillin Faulkner, Asst. Dist. Attys., Waco, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This appeal arises out of a conviction for murder wherein the punishment was assessed by the jury at 50 years.

Appellant contends that the trial court erred in failing to grant his motion for a new trial in that one of the jurors had been on a jury panel in another cause, had been peremptorily challenged, and had not been discharged from jury service.

He relies upon Section 14 of Acts 1971, 62nd Legislature, p. 2801, ch. 905 (noted under Article 2094, Vernon's Ann.Civ.St. (selecting names for jury wheel), which reads:

> "Once a prospective juror has been removed from a jury panel for cause, by peremptory challenge, or for any reason, he shall be immediately dismissed from jury service and shall not be placed on another jury panel until his name is returned to the jury wheel and drawn again as a prospective juror."

At the hearing on the motion for new trial, the District Clerk testified that ". . . at least one, I know" member of the jury panel in appellant's case had been a member of a jury panel in a case two or three days earlier and had been peremptorily challenged, and that "one" such person ultimately served on the jury in appellant's trial.[1] Appellant's counsel then testified that he assumed the law was being followed and that

---

1. The name of the juror was not related and neither he nor she was called to testify.

he made no inquiry of the jury panel to determine if any member thereof had served on an earlier panel that week. He related he did not discover that one of the jurors had been a member of another jury panel and peremptorily challenged until after the conclusion of appellant's trial.

Appellant contends that the cited statute imposes a mandatory duty upon the court to immediately dismiss any prospective juror coming within the meaning of the statute and serves also as an absolute disqualification to be a juror, and that he was tried by only eleven qualified jurors.

 While, undoubtedly, the statute should be carefully followed, we cannot agree that the Legislature intended that it should operate as an absolute disqualification. If legislators had so intended, they could have easily and expressly so provided. They did not. Nothing in Articles 2133 and 2134, Vernon's Ann.Civ.St., or any provision of the Code of Criminal Procedure provides for such disqualification. See, i. e., Articles 35.19, 35.16, 35.12, Vernon's Ann. C.C.P. *Cf.* Shelby v. State, 479 S.W.2d 31 (Tex.Cr.App.1972), which discusses the difference in qualifications for jurors in civil and criminal cases.

We conclude that the appellant waived any right to challenge the juror on the basis now urged when he failed to inquire about the same during the voir dire examination of the jury panel for the case and present his challenge at that time.

Article 35.16, Vernon's Ann.C.C.P., provides, in part:

"No juror shall be impaneled when it appears that he is subject to the second, third or fourth grounds of challenge for cause set forth above,[2] although both parties may consent. All other grounds for

challenge may be waived by the party or parties in whose favor such grounds of challenge exist."

See also Article 35.19, Vernon's Ann.C.C.P. (absolute disqualification).

Accordingly, it has been held that only those jurors who fall within the second, third or fourth cause of challenge are ipso facto incompetent and all other grounds of challenge may be waived. Article 35.19, supra, note 2; Lowe v. State, 88 Tex.Cr.R. 316, 226 S.W. 674 (1921).

The judgment is affirmed.

---

2. "   .   .   .
2. That he has been convicted of theft or any felony;
3. That he is under indictment or other legal accusation for theft or any felony;

4. That he is insane or has such defect in the organs of seeing, feeling or hearing, or such bodily or mental defect or disease as to render him unfit for jury service;   .
.   .   . ."