Mansfield THOMPSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 48688.

Court of Criminal Appeals of Texas.

July 2, 1974.

John Barrow, Corpus Christi (Court-Appointed), for appellant.

William Mobley, Jr., Dist. Atty., John Potter, Asst. Dist. Atty., Corpus Christi, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

GREEN, Commissioner.

Appellant, in a trial before a jury, was convicted of robbery by firearms. Punishment was assessed at twenty-two years.

The sufficiency of the evidence to support the verdict is not challenged. Suffice it to say that the record reflects that about 12:30 P.M. on December 23, 1972, appellant and two other males entered Bein's Furs, a store in Corpus Christi and, by exhibiting a gun, and by threats and violence, robbed Robert Gonzales, the acting manager of Bein's Furs, of a sum of money and two fur coats.

Appellant in his first ground of error contends that the court improperly overruled his motion to quash the jury panel because some of the members of the panel had been on a jury panel in another criminal trial earlier in the week and had been struck from service on the jury.[1]

During the voir dire of the panel, counsel for appellant asked the following question:

"Have any of you appeared in a case as members of the jury panel early this week for questioning? If so, would those people please raise their hands."

The record reflects "a showing of hands." Counsel then asked:

"How many of those were in criminal cases?"

The record shows some of the panel raised their hands, but does not reflect the number.

Counsel then, in the absence of the panel, made the following motion to the Court:

"Now comes the Defendant, Mansfield Thompson, and respectfully moves the Court to quash the jury panel herein as grounds therefor. Defendant would show the Court:

"Number 1. That better than fifty percent of the jury panel here today consisting of the members first seated within the panel and the members to be drawn first from said panel, that said members have appeared before a criminal panel earlier in this week and for some reason or another, and perhaps with cause, have been removed from said panel and sent back to sit in the jury panel in the Central Jury Room and to appear as members of this jury panel.

"Defendant asserts that this deprives him of the right to select a fair and impartial jury. This in effect it is outcasts or people who have been ousted from a jury panel earlier in the week. That due to his limitations of restrictions, he is being deprived of a fair trial as guaranteed by the Constitution of the State of Texas as in the Constitution of the United States."

Appellant did not inquire of the jurors who had raised their hands as to whether they, or any of them, had been removed from a court panel for cause, by peremptory challenge, or for any other reason. He did not challenge for cause any of these panel members because of their answers as given above. There is no showing as to

---

I. Sec. 14 of Acts 1971, 62nd Leg., p. 2801, Ch. 905 (Art. 2094a, Vernon's Ann.Civ.Statutes), as it was in effect at the time of this trial, June, 1973, provided as follows: "Once a prospective juror has been removed from a jury panel for cause, by peremptory challenge, or for any reason, he shall be immediately dismissed from jury service and shall not be placed on another jury panel until his name is returned to the jury wheel and drawn again as a prospective juror."

By Acts 1973, 63rd Leg., p. 475, Ch. 204 § 1, effective August 27, 1973, the provisions of this article were limited to counties of not less than 1,100,000 population. The instant trial was in June, 1973.

how many, or how few, of the panel responded to his questioning.

Article 2094a, Vernon's Ann.Civ.Statutes, does not operate as a disqualification of a prospective juror. Mangum v. State, Tex.Cr.App., 493 S.W.2d 798. Nothing in Articles 2133[2] and 2134, Vernon's Ann. Civ.Statutes, or any provision of the Code of Criminal Procedure provides for such disqualification. *Mangum,* supra. Cf. Shelby v. State, Tex.Cr.App., 479 S.W.2d 31, which discusses the difference in qualifications for jurors in civil and criminal cases.

■ The court did not err in overruling the motion to quash the entire panel. Appellant waived any right he might have had to challenge on the ground now urged when he failed to challenge for cause any jurors who may have been subject to being excused under the provisions of Article 2094a, Vernon's Ann.Civ.Statutes, or any other statute.

■ Appellant further moved to quash because of his *allegation* that the panel did not include any Negroes. No proof was introduced to support his allegation, nor is there any evidence in the record of systematic exclusion of Negroes or of racial discrimination. See Partida v. State, Tex. Cr.App., 506 S.W.2d 209; Thomas v. State, Tex.Cr.App., 496 S.W.2d 578; Mc-Crea v. State, Tex.Cr.App., 494 S.W.2d 821.

Appellant's first ground of error is overruled.

Appellant next contends that he was denied the right of a speedy trial as guaranteed by the Sixth Amendment to the Federal Constitution.

■ The offense occurred December 23, 1972. Appellant was arrested on that date and remained in custody to and after the date of conviction. The indictment was returned March 22, 1973. Pre-trial proceedings were had on April 21, 1973, and

the trial commenced June 20, 1973. The record does not reflect that at any time appellant made any request of the court for a trial prior to that date. Appellant does not contend that he suffered any harm by reason of this short period of three months between the return of the indictment and his trial. Under these circumstances, appellant's right to a speedy trial was not violated. Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101; Black v. State, Tex.Cr.App., 505 S.W.2d 821; Morgan v. State, Tex.Cr.App., 502 S.W.2d 722; Pete v. State, Tex.Cr.App., 501 S.W.2d 683; George v. State, Tex.Cr.App., 498 S.W.2d 202; McCarty v. State, Tex.Cr.App., 498 S.W.2d 212.

Appellant's second ground of error is overruled.

In his third, fourth, and fifth grounds, appellant contends that the trial court improperly admitted his written confession in evidence since the warnings were not properly given, the confession had been "altered or mutilated," and since the confession was not shown to have been voluntarily given.

During the trial, and prior to any inquiries concerning the written confession of the appellant, the court excused the jury and proceeded to hold a hearing to determine its admissibility. See Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L. Ed.2d 908.

Officer Hawkins testified that on December 28, 1972, he took a written confession from appellant. Hawkins stated that prior to taking such statement he gave to appellant the Miranda[3] and Article 38.22, Vernon's Ann.C.C.P., warnings, which were explained to appellant. According to Hawkins, appellant stated that he waived the presence of an attorney and that he understood his rights as contained in the warnings read to him, and that he wished to make the statement. Appellant then made his confession, which Hawkins took down verbatim in long-hand. This was

---

2. Cf. Alvarado v. State, Tex.Cr.App., 508, S.W.2d 74.

3. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

then typed, including the proper warnings in the opening paragraph. There was no evidence of any force or coercion, and Hawkins testified that there was none. The entire confession, including the warnings, was read back to appellant, who read it in the presence of Hawkins, stated he understood it, and then signed it. Two persons signed as witnesses, although appellant could read and write.

The arresting officer had earlier testified that, when arresting appellant, he had read to him the warnings required by Miranda and Article 38.22, V.A.C.C.P.

The court found that the confession was made voluntarily after appellant had been properly warned and had knowingly and intelligently waived his rights, and that it should be admitted. The evidence amply supports the court's ruling. Brown v. State, Tex.Cr.App., 508 S.W.2d 91; Simmons v. State, Tex.Cr.App., 504 S.W.2d 465; Gutierrez v. State, Tex.Cr. App., 502 S.W.2d 746.

Appellant vigorously objected to the portion of the confession containing the signature of the two witnesses because there was no evidence that they saw appellant sign. Additionally, the objection was that the signatures of the witnesses would pad and bolster the confession. At the request of the State, and in view of these objections, the court struck that portion which included the names of the witnesses, and such signatures were cut off the confession. The appellant then objected, stating that the confession was inadmissible because it had been altered and mutilated.

Appellant received the relief he asked for in having the names of the witnesses deleted. Signatures of witnesses were not necessary to the validity of the confession, since appellant could read and write, and he signed his name in the presence of the officer taking the statement. Art. 38.22, Sec. 1(d), V.A.C.C.P.

Grounds of error three, four and five are overruled.

Appellant's sixth ground of error reads:

"The court misdirected the jury as to the law, and committed other material errors calculated to injure the right of defendant; and the verdict is contrary to law and the evidence."

In support of this ground, he makes a general argument that there was "cumulative error" in the trial, and points to various objections occurring from pages 35 to 289 of the record.

This ground contains no argument, no citation of authority, and no specific notation of complaint. It is clearly multifarious, and presents nothing for review. Art. 40.09, Sec. 9, V.A.C.C.P.; Elizalde v. State, Tex.Cr.App., 507 S.W.2d 749; Houston v. State, Tex.Cr.App., 506 S.W.2d 907; Weir v. State, Tex.Cr.App., 503 S. W.2d 571.

The ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.