John Turner JONES, Appellant,

v.

The STATE of Texas, Appellee.

No. 55598.

Court of Criminal Appeals of Texas,
Panel No. 2.

May 24, 1978.

Howard G. Wilson, Mesquite, for appellant.

Henry Wade, Dist. Atty., Fred C. McDaniel, Rider Scott and Brady Sparks, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., Austin, for the State.

Before ONION, P. J., and DALLY and VOLLERS, JJ.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for aggravated robbery where the punishment was assessed by the jury at sixty-five (65) years' confinement in the Texas Department of Corrections.

At about 6:00 p. m. on October 2, 1975, the manager of the Robert Hall Department Store on Greenville Avenue in Dallas was robbed, at gunpoint, by five people. The manager was badly beaten and $325.00 was taken. Shortly thereafter the police were called and a description of the suspects and their car was broadcast over the police radio. About 6:30 p. m. a car matching the description of the get-away car was seen just after it had been parked by some apartments. A few minutes later the car was seen leaving the apartment parking lot with three people in it. These three people matched the descriptions received from the Robert Hall Store and they were stopped and arrested.

It was ascertained from questioning at least one of the suspects at the police station that appellant and another person had participated in the robbery, that he was located in a certain apartment near where the suspects were arrested, that he was armed, and that he might attempt to flee. An attempt to find a magistrate at City Hall to obtain a warrant proved fruitless because it was then about 9:15 p. m.

Two officers went to the address given them and knocked on appellant's door. He opened it a few inches, but attempted to shut it when one officer announced they were police officers. The officers recognized appellant from the description given them by the suspects in custody and the witnesses to the robbery. They pushed the door open and arrested appellant. A loaded pistol was observed on the breakfast bar a few feet from appellant.

One of the officers immediately went into the hallway to the two bedrooms in the apartment to look for the other unapprehended robber or any other person who might be a danger to him or his partner. He looked into the bedrooms through the opened doorways and in appellant's bedroom saw another pistol on top of the nightstand. When he went to get this pistol he observed in an open drawer of the night-

stand a lot of change, some of which was in bank rolls, and some personal papers of appellant. A search of appellant revealed he had on him a ten dollar bill and thirty dollar bills.

Appellant unsuccessfully attempted to suppress the pistols and money found on him and in his apartment. He contends that the trial court erred in denying his motion to suppress because no probable cause existed for his arrest and the search of his apartment, no warrant was obtained for his arrest or the search, and that the search of his apartment, even if the arrest was lawful, exceeded the limits of a search incident to an arrest.

■ It is well established that probable cause to arrest exists where the facts and circumstances within the knowledge of the arresting officer and of which he has reasonably trustworthy information would warrant a reasonable and prudent man in believing that a particular person has committed or is committing a crime. *Hooper v. State*, 516 S.W.2d 941 (Tex.Cr.App.1974); *Jones v. State*, 493 S.W.2d 933 (Tex.Cr.App. 1973); *Brown v. State*, 481 S.W.2d 106 (Tex. Cr.App.1972).

■ Here the arresting officer had the physical description of appellant given by the persons at the scene of the robbery. This description was corroborated by one of the participants in the robbery who was cooperating freely with the police and who also supplied the name of appellant and the address where he was located. When appellant opened his door to the police officer's knock, he was recognized by the arresting officer from the descriptions given by the suspect in custody and the witnesses to the robbery. Under the circumstances, we find the officer had probable cause to arrest appellant.

■ Further, we find exigent circumstances to justify the failure of the officers to obtain a warrant. It was about 9:00 p. m., only some three hours after the robbery and about two hours after three of the five robbers had been arrested in close proximity to appellant's apartment, when the police

were able to ascertain the name and location of appellant from one of the participants in the robbery. The arresting officer had fifteen years of experience and testified that he knew it was unlikely that he could find a magistrate at that time of night to obtain a warrant, but he spent some fifteen minutes in an effort to do so. After he found no magistrates were readily available, he properly acted on the information provided him that appellant was armed and dangerous and that he might attempt to flee.

We also find nothing improper in the seizure of the money from appellant's person and the pistols and coins from appellant's apartment.

■ The search of appellant, which revealed the forty dollars, was incident to his lawful arrest and therefore reasonable. *Myre v. State*, 545 S.W.2d 820 (Tex.Cr.App. 1977); *Parker v. State*, 544 S.W.2d 149 (Tex.Cr.App.1976); *Reed v. State*, 522 S.W.2d 916 (Tex.Cr.App.1975). The pistol on the breakfast bar was contraband in plain view which may be lawfully seized by an officer who is lawfully on the premises as these officers were. *Clark v. State*, 548 S.W.2d 888 (Tex.Cr.App.1977); *Evans v. State*, 530 S.W.2d 932 (Tex.Cr.App.1975); *Simpson v. State*, 486 S.W.2d 807 (Tex.Cr. App.1972).

■ The pistol on the nightstand and the change in the open nightstand drawer in appellant's bedroom present a somewhat different situation. Appellant, citing *Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), argues that these items were seized in a search which exceeded the limits of a lawful arrest. However, as this court noted in *Simpson v. State*, supra;

"... We do not construe the holding in *Chimel* as absolutely prohibiting searches beyond the area of the arrestee's reach; but rather, we feel that *Chimel* only prohibits *routine* searches of the area beyond the arrestee's reach (footnote omitted). It does not prohibit a search beyond that area if the circum-

stances of the arrest are such that an arresting officer would be justified in believing that an expanded search would be necessary for his protection. . . ."

See also *Duncan v. State*, 549 S.W.2d 730 (Tex.Cr.App.1977), and *Clark v. State*, supra.

Here the officers knew that appellant was only the fourth of five robbers who had been arrested and they were fully justified for their own protection to go into the hall and look into the open doorways of the bedrooms to see if the fifth robber, or someone else, was there who might cause them harm. The pistol and the change in the drawer being in plain view were properly seized. *Clark v. State*, supra; *Evans v. State*, supra; *Simpson v. State*, supra.

These grounds of error are therefore overruled.

We have also carefully considered each of the other grounds of error set forth in appellant's pro se brief and find them to be without merit.

There being no reversible error, the judgment is affirmed.