Lewis MORRIS, Jr., Appellant,

v.

The STATE of Texas, State.

No. 2-81-176-CR.

Court of Appeals of Texas, Fort Worth.

July 21, 1982.

Sturns & Haynes, and Louis E. Sturns, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and James J. Heinemann, Asst. Dist. Atty., Fort Worth, for appellee.

Before HUGHES, BROWN and HOLMAN, JJ.

## OPINION

HOLMAN, Justice.

This appeal is from conviction for aggravated robbery with a deadly weapon. V.T. C.A. Penal Code § 29.03. The jury assessed punishment of life imprisonment.

We affirm.

Appellant complains that the trial court erred by (1) overruling his motion to suppress evidence; (2) permitting the prosecutor to state on voir dire that the jury would have an opportunity during the punishment phase of trial to hear "any evidence concerning a prior criminal record, if any;" and (3) denying defense counsel's efforts to inquire whether the prosecutor used his peremptory challenges to exclude all blacks from the jury.

The robbery was on May 22, 1980, when a pharmacist and cashier were preparing to close their Revco drugstore for the night. The only customer still in the store at closing time was a tall black male. He pulled a pistol, bound the employees and robbed the store of cash, drugs and merchandise.

On May 27, 1980, the police arrested appellant at the home of Peggy Ilene Wooden. The police entered the home with a warrant for her arrest, obtained upon showing as probable cause that she had participated in the robbery.

At trial, she testified that she had been outside the drugstore at the time of the robbery, waiting for appellant in her car.

When they entered Mrs. Wooden's home, the police had no search warrant for the house nor an arrest warrant for appellant. Finding him there, however, he was arrested because he fit the description of the man who had robbed the store; and was in Mrs. Wooden's company.

The police were admitted to a bedroom occupied by the appellant and Mrs. Wooden. In plain view, the police saw a pistol in a woman's purse that was open. The pistol fit the description of the one used in the robbery and was seized by the police.

When trial began, appellant filed a motion to suppress "all evidence" seized by police in the arrest. The motion contends that appellant's warrantless arrest was illegal and thus all evidence seized in the arrest is tainted. The motion evoked the following exchange between the court and defense counsel:

"Next, I have before me the defendant's Motion to Suppress Evidence obtained pursuant to an illegal arrest and illegal search and seizure. Counsel, I don't notice anything in this motion that refers to anything that was seized which might be material evidence.

[DEFENSE COUNSEL]: "We didn't specifically outline the items seized because we felt perhaps there were several items the state could introduce including a pistol found, a cap, and several items of merchandise that allegedly came from Revco Drug Store. We also felt that the lineup which was conducted while this person was illegally restrained of his liberty flows from the illegal arrest and we object to any lineup testimony also as being tainted by the illegal arrest even though we specified in the motion that it is what—

"THE COURT: [B]ut there being no specific points set forth in this motion, I'm going to decline to rule on it at this time and carry it with the case.

[DEFENSE COUNSEL]: "Very well."

When the State offered the pistol as evidence during trial, appellant objected to it as evidence obtained by illegal search and seizure.

■ At the time of his arrest, appellant was neither committing an offense nor attempting to escape. However, an arresting officer has probable cause for arrest when the facts and circumstances within his knowledge, and of which he has reasonably trustworthy information, to warrant belief by a reasonable and prudent man that a particular person has committed a crime. *Jones v. State*, 565 S.W.2d 934 (Tex.Cr.App. 1978).

■ The arresting officer had such information when he took appellant into custody, since (1) the appellant fit the robber's description as reported to police (black male, approximately thirty, six feet, three inches tall, 185 to 190 pounds, with a noticeable gap between his teeth); (2) he was in the company of the woman for whom the officer had an arrest warrant resulting from the robbery; and (3) the pistol in the woman's bedroom fit the description of the one used by the male robber.

We conclude that there was probable cause for the warrantless arrest. *Jones, supra.*

Evidence that is obtained in violation of any provisions of Texas or federal statutes or constitutions is inadmissible. V.A.C.C.P. art. 38.23.

In like manner, the Texas Constitution, Art. I, sec. 9, and the United States Constitution, Fourth Amendment, safeguard the privacy and security of individuals against arbitrary governmental invasions. *Kolb v. State*, 532 S.W.2d 87 (Tex.Cr.App.1976).

■ The pistol was in a woman's purse, open to view. The record discloses no property or possessory interest of the appellant in either the purse or its contents. The home in which the pistol was seized belonged to Mrs. Wooden and not to the appellant.

■ One may not vicariously claim another's Fourth Amendment rights. *Rakas v. Illinois*, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978); *Manry v. State*, 621 S.W.2d 619 (Tex.Cr.App.1981).

We hold that upon the facts of this case, appellant lacked the necessary standing to challenge the search or seizure as pertains to the pistol. The trial court therefore did not err in admitting the pistol into evidence and eventually overruling appellant's motion to suppress.

The first ground of error is overruled.

■ Appellant's second ground asserts that on voir dire it was error for the court to allow the prosecutor to inform the jury panel that jurors would be permitted at the punishment stage of the trial to hear evidence of a prior criminal record of the defendant, if any existed.

While trying to explain Texas' bifurcated trial procedure, the prosecutor told the jury panel:

"Now, the procedure will be that we have the jury selection process. The twelve of you chosen to sit on the jury will then sit here (indicating) and you will hear the case essentially divided into two parts. In Texas we have what is called a bifurcated, two-part trial system. That is the jury will sit here in the jury box and they will hear the testimony from the witness stand concerning the issue of guilt, or to put it another way, the facts of the case. You will at that point learn about what the defendant did, the facts of the case, in other words, and after you hear all of the testimony and that part of the trial, just concerning the facts, not the issue of punishment, then you will retire to the jury room and consider your verdict and once you arrive at that verdict, once you arrive at the guilt verdict, then we proceed to the punishment phase of the trial. And then you, the same jury, will come back out here and you will have an opportunity to hear evidence on the issue of punishment. All right? Anything that might have a bearing on the issue of punishment. Of course, you can always remember and take into account the facts of the case, how severe a case it is and what type case it is, and you have those facts before you already. And any additional evidence concerning the issue of punishment such as a prior criminal record—

[DEFENSE COUNSEL]: "Excuse me, your Honor, I am going to object to this line of voir dire.

"THE COURT: I'm going to overrule the objection. You may continue.

[PROSECUTOR]: "You would have that opportunity to hear at the punishment phase any evidence concerning a prior criminal record, if any, that the defendant might have. All right...."

We hold that the prosecutor's comments were within the scope of proper qualifications of prospective jurors who would be called upon to assess punishment.

Appellant's second ground of error is overruled.

■ In his third ground, appellant complains that he was not permitted to examine the prosecutor to determine whether he used his peremptory challenges to exclude blacks from the jury.

However, no objection was made to the court's refusal to allow that inquiry, and no bill of exceptions was perfected in order to establish a prima facie case of racial prejudice. *Thompson v. State*, 510 S.W.2d 949 (Tex.Cr.App.1974).

Appellant's third ground of error is overruled.

Judgment affirmed.