NUMBER 13-01-099-CR

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI

 

 



FRANCISCO GUERRERO LARA,                                              Appellant,

 

                                                   v.

 

THE
STATE OF TEXAS,                                                          Appellee.

 

 



                        On appeal from the 197th District Court

                                 of Cameron
County, Texas.

 



 

                                   O P I N I O N

 

                  Before Justices Hinojosa, Castillo, and
Kennedy[1]

                                 Opinion by Justice Kennedy 

 








In a four-count indictment, appellant was charged with two counts of
assault on a public servant, one count of criminal mischief, and one count of
attempted escape.  He was convicted in
all but the first count by a jury.  The
jury then found that he had previously been convicted of burglary of a
habitation and aggravated sexual assault. 
The jury then assessed his punishment at confinement for eighty-five
years in count two, ten years in count three, and twenty years in count four.  In addition, the jury assessed a fine of $2,500
in count three.

The facts, according to the State=s evidence, are
these.  Appellant committed a physical
assault upon a woman in a convenience store in Harlingen.  The incident was reported to the Harlingen
Police Department which answered the call, however, appellant had left the
scene before the police arrived.  The
Harlingen police began a search for appellant armed with a description of him
and of his car.  Two Harlingen police
officers, Officers William Bilokury and Alvaro Garcia, in separate cars,
located appellant and tried to stop him, which resulted in a high speed
chase.  Appellant wrecked his car and
fled on foot.  Officer Bilokury caught
appellant, and appellant resisted detention, which became the subject of the
second count of the indictment.  The
first count charges an assault on a jail official while appellant was in jail.

The appellate brief raises nine points of error.  The first three, which we consider together,
are:

1.       The
trial court erred when it denied appellant=s motion for directed
verdict on count two of the indictment.

 

2.       There
is insufficient evidence to support a conviction on count two of the
indictment.

 

3.       There
is a material variance between the evidence and the jury charge on aggravated
assault of a peace officer.








The alleged error referred to in all three points involves a claimed
disparity between the charge in count two of the indictment, and the
evidence.  The second count charged that
appellant caused bodily injury to Officer Bilokury by Ascratching [the
officer] on the head.@  Officer Bilokury=s testimony was:

Q       Okay.  Where was he lashing out at you?

 

A       I
guess his best target of opportunity was my face.  He was trying to B he was going after my
face with his hands.

 

Q       Okay.  And describe B where did he strike you?

 

A       He
struck me several times in the eyes.

 

Q       Okay.  With what?

 

A       With
his fingers, just stiff fingers like this, attempting to B it felt like he was actually
trying to gouge my eyes out is the sensation I was getting.

 

Q       Okay.  And what kind of motions was he making?  How would you describe that?  Was it a B a 

 

A       He
wasn=t trying to slap me or
push me away.  He wasn=t trying to get away
from me.  He was using basically B trying to attack me,
striking me in my eyes with his fingers, and scratching in a poking motion B 

 

Q       Okay.  Scratching?

 

A       B with both hands.  Yes, sir.

 

MR. HENLEY:

 

Okay.  May the record reflect he was making his
hands like cat claws or, I guess, forking them, forking his fingers?

 

THE COURT:

 








It will so reflect.

 

Q       BY
MR. HENLEY: How many times did he actually scratch and poke your eyes?

 

A       Numerous.  I don=t have an exact
number.

 

                                                 *
* * 

 

A       . .
. I hit him about three or four times in an attempt to wind him momentarily so
I could hopefully get him to stop clawing at my eyes.

 

Appellant
points to inconsistencies in the testimony, including the officer=s testimony on
cross-examination which he alleges in his brief to be as follows:

QUESTION:  Well,
I want to know where you were scratched.

 

ANSWER:    I
have my statement and my report here if would like to B it doesn=t say I was B it says he scratched
at me.

 

QUESTION:  So
he didn=t scratch you?

 

ANSWER:    Say
again, sir.

 

QUESTION:  He
didn=t scratch you?

 

ANSWER:    I
didn=t have any visible
scratches.  He was scratching at my eyes.  Maybe I used the wrong terminology at the
time, but he was using his fingertips to scratch at my eyes and push at them.

 

QUESTION:  Did
he B so you=re saying he didn=t really create any
physical wound on the surface of your skin?

 

ANSWER:    I
stopped him before he did it.

 








We fail to see the variance. 
The word Ascratching@ is a valid definition
of what the testimony showed appellant did. 
In any event, if any testimony varies from any other testimony, the
trier of the fact is the sole judge of the witness=s credibility and can
accept or reject any or all of the witness=s testimony.  Cain v. State, 958 S.W.2d 404, 407
(Tex. Crim. App. 1997).  In Johnson v.
State, 23 S.W.3d 1 (Tex. Crim. App. 
2000), the court takes notice of Cain as follows:

Cain was a case heavily
dependent upon eye witness testimony, testimony that often times was in direct
conflict.  Therefore, the evaluation of
eye witness credibility and demeanor was crucial to determining the correct verdict,
and this is a job best suited to the factfinder.

 

Johnson
v. State,
23 S.W.3d 1, 8 (Tex. Crim. App. 2000). 
We overrule points of error one, two, and three.

Points of error four and five state:

4.       The
State=s comments before the
court and the jury regarding plea discussion which are inadmissible deprived
appellant of his right to a fair trial.

 

5.       Trial
counsel was ineffective when he failed to make the proper objection to the
State=s inadmissible
statements and therefore deprived [appellant] of a fair trial.

 








The
record shows that at the punishment phase of the trial, the court did not first
call for and receive appellant=s plea of Atrue@ or Anot true@ to the allegations in
the indictment of prior convictions of appellant.  After both sides closed on punishment, and
while the parties were working on the charge, the oversight was discovered.  After the parties returned to the courtroom,
and in the presence of the jury, the State requested permission to reopen.  The defendant objected to the procedure,
which objection was overruled.  Then the
State=s attorney, in the
presence of the jury, stated:

Of course, this reopening
is predicated on the basis that we had previously thought the client was going
to plead true, and that not having been done, I ask to reopen.  

 

Appellant
cites Rule 410(4) of the Texas Rules of Evidence in support of his argument,
which states:

Except as otherwise
provided in this rule, evidence of the following is not admissible against the
defendant who made the plea or was a participant in the plea discussions.

 

(4)
any statement made in the course of plea discussions with an attorney for the
prosecuting authority, in a civil case, that do not result in a plea of guilty
or that result in a plea of guilty later withdrawn, or in a criminal case, that
do not result in a plea of guilty or a plea of nolo contendere or that
results in a plea, later withdrawn, of guilty or nolo contendere.

 

Tex. R. Evid. 410(4). 

First, we note that section (4) of Rule 410 refers to Astatements,@ in a criminal case,
that do not result in a Aplea of guilty@ or Anolo contendere.@  No mention is made of statements made that do
not result in a plea of Atrue@ to the enhancement
portion of the indictment.  Here,
there was no reference made by the prosecution to any statement B the only reference
made was to the prosecutor=s mistaken belief that
appellant would plead Atrue.@  Rule 410(4) is of no help to appellant.








We next consider whether the making of the statement constituted
prosecutorial misconduct.  We hold that
the jury=s knowing that a plea
bargain discussion or discussions were held can only prejudice a defendant
where the issue is Adid he do it?@  Common sense tells us, and a juror, that a
person who tries to cut a deal is probably guilty.  The remark was made after the jury had found
appellant guilty.  The only matter left
to be decided was what punishment to assess. 
If it was error for the prosecution to imply that a plea bargain was
attempted on the question of prior convictions, no harm was done appellant at
the punishment phase of the trial. 
Likewise, because no reversible error occurred, any failure by trial
counsel to object[2]
would not satisfy the second part of the Strickland test[3]
which requires a showing that, but for counsel=s unprofessional errors, a different result would
have resulted.  We overrule points of
error four and five.

Points of error six and seven are:

6.       The
trial court erred when she allowed the State to reopen during the punishment
phase so the State could properly arraign appellant.

 

7.       Trial
counsel was rendered ineffective when he failed to object to the State using
evidence admitted prior to the reading of the enhancement paragraphs and not
reintroduced by the State.

 

Appellant
summarizes his argument in behalf of point six as:

 








When the State was
allowed to reopen, the State failed to reintroduce the evidence from the
punishment phase prior to the State closing and reopening, therefore that
evidence was not properly before the [jury] for consideration during punishment
deliberations.  Trial counsel failed to
object to the evidence.

 

He cites Welch v. State, 645 S.W.2d 284 (Tex. Crim. App. 1983)
and Dill v. State, 697 S.W.2d 702 (Tex. App. B Corpus Christi 1985,
writ ref=d), to hold that once
the defendant is arraigned, the defendant should request that all testimony
heard prior to the arraignment be struck. 
Appellant then argues that if the court denies counsel=s request, or if the State
fails to re-introduce, the trial will be reversed.  Because the trial defense counsel failed to
do this, he argues, trial counsel was rendered ineffective.








We hold that if there was error by the trial court in allowing the
jury to consider evidence introduced before the reading of the enhancement
paragraphs and defendant=s plea thereon, it was
waived by trial counsel=s not objecting.  We overrule point six and consider point
seven, i.e., did the choice to not object meet the criteria established by Strickland
v. Washington, 466 U.S. 668 (1984)? 
These criteria require, generally, that in order for the reversal of a
conviction to be ordered, appellant must show: 
(1) that counsel=s representation fell
below an objective standard of reasonableness, and, (2) there is a reasonable
probability that, but for counsel=s unprofessional
errors, the result would have been different. 
Hernandez v. State, 726 S.W.2d 55 (Tex. Crim. App. 1986).  Appellant argues that had trial counsel
requested the court to strike the evidence the jury heard prior to the
arraignment and further had the court refused to do so, then such refusal would
have been reversible error to appellant=s obvious
benefit.  He cites this Court=s opinion in Dill in
support of his argument.  In Dill,
the trial court did, in fact, decline to instruct the jury to disregard the
testimony heard before the arraignment on punishment.  This was held to be error.  In the case before us, we can only guess what
the court=s ruling would have
been had such a request been made.  The
showing by appellant that the court would have ruled incorrectly is not
present, therefore, he is unable to convince us that the result would have been
different.  We overrule points of error
six and seven.

Points of error eight and nine allege inflammatory and prejudicial
remarks and prosecutorial misconduct in the State=s final argument during the punishment phase of
the trial.  The remarks were said to
compare appellant with Adolph Hitler and Charles Manson.  The remarks were:

This man B thank you.  Your Honor. 
This man may have been capable of kindness on some days, but that=s like saying Adolph
Hitler provided for his family or that Charles Manson sometimes smiled or that
on some days you can pet a junkyard dog.

 








The
remarks obviously were in reply to defense counsel=s reference, in his
argument,  to a witness=s testimony that, Ashe said that most of
the relationship with the family was that he was a good husband and a good
father.@  We do not read the statement to compare
appellant to two evil men, rather, we read it only to say that all persons have
good and bad days.  It was said in
response to an argument of opposing counsel which is one of the four
well-recognized proper jury arguments.[4]   Lone v. State, 823 S.W.2d 259, 267
(Tex. Crim. App. 1991), cert. denied, 505 U.S.1224 (1992).  There is no error.  We overrule points of error eight and nine
and AFFIRM the judgment of the trial court.                                                        

NOAH
KENNEDY

Retired
Justice

 

Concurring Opinion by
Justice Castillo.  

 

Do not publish.

Tex.
R. App. P.
47.3(b).

 

Opinion delivered and
filed

this 1st day of
August, 2002.

 











[1]Retired
Justice Noah Kennedy assigned to this Court by the Chief Justice of the Supreme
Court of Texas pursuant to Tex. Gov=t Code Ann. '
74.003 (Vernon 1998).





[2]Actually,
trial counsel said to the court: AI
think in the issue here, Your Honor, that is precisely the reason why the
defendant=s right to a
fair trial has been prejudiced, and the statement here is prosecutorial
misconduct.  I ask that it not be allowed
in this court.@  The court replied: AIt
will be denied.  You will be allowed to
reopen.@  

 





[3]Strickland
v. Washington, 466 U.S. 669 (1984).  

 





[4]Summary
of the evidence, reasonable deduction from the evidence, in response to
argument of opposing counsel, plea for law enforcement.