**Robert Ray EDMONDSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–86–00305–CR.**

Court of Appeals of Texas,
El Paso.

Jan. 13, 1988.

Rehearing Denied Feb. 10, 1988.

Jose Montes, Jr., El Paso, for appellant.

Steve W. Simmons, Dist. Atty., El Paso, for appellee.

Before OSBORN, C.J., and SCHULTE and FULLER, JJ.

OPINION

OSBORN, Chief Justice.

Robert Ray Edmondson was convicted of felony criminal mischief and the jury which found him guilty assessed his punishment at two years' imprisonment. We affirm.

The Appellant was charged with criminal mischief under Tex.Penal Code Ann. art. 28.03(a)(2), in that he tampered with a Southern Union Gas Company service line and diverted public gas service. Mr. Edmondson requested and obtained natural gas service at 232 Fairview Court, El Paso, Texas, in June, 1983. Service was terminated in June, 1984, when he was three months delinquent in payments to the gas company. In October, 1984, the meter was found to have been turned back on. At that time the gas was again turned off and the meter was removed.

In May, 1985, gas company service personnel discovered an unauthorized connection from their service line to the house at 232 Fairview Court. Since there was no metering device on the line, it was impossible to know how much gas had passed through the line into the house. A picture was made and received into evidence showing the unauthorized connection to the gas company service line. A report to the police department resulted in Officer Joe Villa going to the residence at 232 Fairview Court, and he testified that he determined from his investigation that Robert Edmondson, whom he identified in the courtroom, was the only person living at that address. The court instructed the jury as to the presumption set forth in Tex.Penal Code Ann. sec. 28.03(c).

█ The Appellant contends in his first point of error that the trial court erred in denying his motion in arrest of judgment because the presumption is unconstitutional as applied. In the second point of error he asserts the evidence is insufficient to sustain the conviction because he was not identified as the perpetrator of the offense. The argument under both points is based primarily upon the holding in *Gersh v. State,* 714 S.W.2d 80 (Tex.App.—Dallas 1986, PDRR), 738 S.W.2d 287 (Tex.Cr.App. 1987). In that case, the court found error in the application of the presumption and noted that both the Appellant, his wife and two children lived at the same address but the utility billing was only to the Appellant against whom the presumption was applied. We do not disagree with the *Gersh* opinion, but in our case the billing was to Appellant and the uncontradicted evidence was that he alone resided at the address where the gas line had been tampered with in order to provide service without a meter. The trial court instructed the jury as required by Tex.Penal Code Ann. sec. 2.05, and in accordance with constitutional requirements for permissive inferences. *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979).

█ There is no direct evidence to establish that Appellant "tied" into the gas company's service line. The circumstantial evidence is that he initially requested and received service at the address in question, that the service was stopped when payments were not made, that after the meter was removed the service line was connected directly to the house without a metering device, and that Appellant was the only resident at the address. Construing the evidence most favorable to the verdict, we find it sufficient to support the jury verdict. *Tisdale v. State,* 686 S.W.2d 110 (Tex.Crim.App.1985). We also note that during the punishment stage of the trial, Appellant testified and acknowledged using the gas and said "I cannot deny it."

Points of Error Nos. One and Two are overruled. The judgment of the trial court is affirmed.