**David Eugene ROBERTSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–93–0452–CR.**

Court of Appeals of Texas,
Amarillo.

Aug. 16, 1994.

R. Walton Weaver, Amarillo, for appellant.

Danny Hill, Dist. Atty., Paul Herrmann, Asst., Amarillo, for appellee.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

BOYD, Justice.

In one point of error, appellant David Eugene Robertson challenges the sufficiency of the evidence to sustain his conviction of the offense of criminal mischief, enhanced by prior felony convictions[1] to a second degree felony. The trial court assessed punishment at twenty-five (25) years confinement in the Institutional Division of the Texas Department of Criminal Justice. For the reasons hereinafter stated, we must reverse the judgment of the trial court.

On September 29, 1992, officers of the Amarillo Police Department assigned to the Panhandle Regional Narcotics Trafficking Task Force obtained a narcotics search warrant for a house located at 1013 South Ricks in Amarillo, Texas. Prior to their execution of the warrant, the officers noticed that, although the electric company's meter had been removed from the electrical box servicing the residence, there were several lights on inside the house. The officers observed a line running directly from the main power pole into the house, bypassing the meter. The officers contacted Southwestern Public Service (SPS), the electricity provider in that area, to determine if the resident at that location was paying for the electricity that was being consumed. SPS's records reflected that the electrical power supply had been terminated in July of 1990 and that no other charges had been assessed for electricity provided to that location.[2]

The officers knocked on the back door to the house at 10:40 a.m. and appellant answered the door. Upon execution of the search warrant, the officers found a refrigerator and several fans, blowers and halogen light fixtures on. They also found food, trash, one bed, and men's clothing throughout the house that was consistent with appellant's size (5'5"). No other clothing or personal effects were present to indicate that any one else had been in the house. When asked how long he had lived at that address, appellant responded, "All my life." Additionally, the house was completely infested with cockroaches and reeked with the smell of cat urine and feces, none of which appeared to affect appellant.[3] The officers, however, could only stay inside the house for short periods of time.

 Appellant was subsequently accused of violating section 28.03 of the Texas Penal Code. The provisions of the statute pertinent to this appeal read as follows:

(a) A person commits an offense if, without the effective consent of the owner:

(2) he intentionally or knowingly tampers with the tangible property of the owner and causes pecuniary loss or substantial inconvenience to the owner or a third person;

---

1. Appellant was convicted of burglary on July 8, 1971, and aggravated robbery with a deadly weapon on December 22, 1980.

2. The last utility bill sent to the house was in the name of Julia Robertson. However, neither the prosecution or the defense established that she was any relation to appellant.

3. Two of the investigating officers testified that while they were talking with appellant, cockroaches were crawling on him but he appeared not to notice.

(b) [A]n offense under this section is:

(4) a felony of the third degree if:

(B) regardless of the amount of pecuniary loss, the actor ... diverts, or causes to be diverted in whole, in part, or in any manner, including installation or removal of any device for such purpose, any ... power supply.

Tex.Penal Code Ann. § 28.03(a)(2), (b)(4)(B) (Vernon Supp.1993). In this appeal, appellant argues that the "circumstantial evidence is insufficient to establish that [he] committed the alleged tampering...."

▮ In reviewing the sufficiency of the evidence to support a criminal conviction, we must review all of the evidence, both State and defense, in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979); *Turro v. State*, 867 S.W.2d 43, 47 (Tex.Crim.App.1993). In reviewing all the evidence, we focus on the evidence introduced, not on what the State's evidence failed to show. *Chambers v. State*, 711 S.W.2d 240, 245 (Tex.Crim.App.1986). These standards for review apply equally to direct and circumstantial evidence cases. *Geesa v. State*, 820 S.W.2d 154, 161 (Tex.Crim.App.1991).

▮ In circumstantial evidence cases, such as this one, it is not necessary that every fact point directly and independently to the accused's guilt. Rather, the evidence is sufficient if the fact finder's conclusion is warranted by the combined and cumulative force of all the incriminating circumstances. *Thompson v. State*, 563 S.W.2d 247, 250 (Tex.Crim.App.1978); *Flores v. State*, 551 S.W.2d 364, 367 (Tex.Crim.App.1977). The mere presence of an accused at the scene of a crime, however, is insufficient to sustain a conviction. *Schershel v. State*, 575 S.W.2d 548, 550 (Tex.Crim.App.1979).

▮ There is no direct evidence to establish that appellant tampered with the electric company's property; therefore, we must determine whether the circumstantial evidence is sufficient to show that appellant committed the offense. Viewed in the light most favorable to the verdict, the evidence established that someone had tampered with the electric company's service line at the house located at 1013 South Ricks in order to provide electricity to the house without a meter. The evidence also shows that appellant had access to and had been staying in the house on South Ricks and that he knew electricity was being supplied. Additionally, appellant's statement that he had lived in the house all of his life was an admission that he considered the house to be his permanent residence.[4] In short, adequate evidence existed to justify the jury's conclusion that the offense of criminal mischief had occurred. However, no evidence affirmatively linked appellant to the actual offense.[5] *Cf. Gersh v. State*, 714 S.W.2d 80, 81 (Tex.App.—Dallas 1986), *pet. ref'd*, 738 S.W.2d 287 (Tex.Crim. App.1987) (erratic meter readings, physical evidence of tampering, and higher readings when a tamper-proof meter was installed was adequate evidence to show that criminal mischief had occurred; however, it did not link appellant to the offense).

▮ Due to the lack of cases construing the statutory provisions at issue in this case, appellant suggests that we require the same degree of proof as is required in cases where a defendant is charged with possession of an illegal substance and it is shown that the defendant did not have exclusive control of the area in which the substance was found. To do so would require the State to prove that the defendant exercised actual care, custody, control, or management over the device

---

**4.** The jury, as the sole judge of the credibility of the witnesses, acted within its authority in rejecting the defense witness's testimony that appellant had been living with him at 1016 Dunaway Street. *See Johnson v. State*, 571 S.W.2d 170, 173 (Tex.Crim.App.1978).

**5.** If a power supply has been diverted from passing through its metering device and the person in whose name the power supply is or was last billed is the one receiving the economic benefit of the supply, then it is presumed that he or she knowingly tampered with the supply. Tex.Penal Code Ann. § 28.03(c)(1) (Vernon Supp.1993). Here, the presumption did not arise as appellant was not the last party to be billed for electrical services at that location.

diverting the electrical supply and that he knew the device would divert the power supply. *See Cude v. State,* 716 S.W.2d 46, 47 (Tex.Crim.App.1986). The State would be required to establish the above requirements by proving facts and circumstances affirmatively linking the accused to the device. *See Herrera v. State,* 561 S.W.2d 175, 179 (Tex. Crim.App.1978).

If we were to apply the above described standards to cases alleging criminal mischief, we would, in effect, be making it a crime to possess any materials used to intentionally or knowingly tamper with the tangible property of another. The statute is intended to criminalize the act of tampering, not the mere possession of tools with which the tampering may or may not occur.

However, based on the nature of the offense, the difficulty of proving the offense, and the absence of applicable case law, we believe that we should look to other cases involving similar criminal provisions to aid us in determining the sufficiency of the evidence in such cases so as to ensure a proper determination of the accused's guilt or innocence. In that regard, we agree with the State that the more appropriate cases to consider are those involving offenses against property covered by Title 7 of the Texas Penal Code. This is especially true as criminal mischief is denominated as an offense against property in the Code.

■ The State suggests that we look to cases involving burglary offenses for guidance in making our determination of the sufficiency of the evidence in this case.[6] We feel, however, that it is more appropriate to review cases involving the offense of tampering with identification numbers. *See* Tex.Penal Code Ann. § 31.11 (Vernon Supp.1993). That offense provides that a person commits an offense if the person:

knowingly or intentionally removes, alters, or obliterates the serial number or other permanent identification marking on tangible personal property.

*Id.* § 31.11(a)(1).

In *Dill v. State,* 697 S.W.2d 702 (Tex. App.—Corpus Christi 1985, pet. ref'd), the appellant was arrested for theft of a television set from a motel room. *Id.* at 706. After discovering that the motel room was not missing its installed television, the officers continued to hold appellant under arrest for tampering with the television's serial number. On appeal, the appellant argued that the officers did not have probable cause to believe that he had tampered with the serial number and, therefore, the arrest and resulting seizure of the television were illegal. Agreeing with the appellant, the court held that the officers lacked probable cause to believe the appellant committed the offense. Specifically, the court held that appellant's possession of the television set with no serial number was not sufficient probable cause to believe appellant had violated section 31.11. *Id.* at 707.

We believe the circumstances present in the *Dill* case are sufficiently similar to the facts in this case to be of aid in our determination. In *Dill,* the court held that possession of an item without a serial number was not sufficient to create a *reasonable belief* that the person possessing the item had committed the tampering. In this case, the State is attempting to prove that possession of the premises where a device has been installed to divert the electrical supply is sufficient to prove *beyond a reasonable doubt* that the person possessing the premises committed the tampering. As in the *Dill* case, we find that mere possession of the premises, without more, is not sufficient to establish that the possessor actually committed the affirmative act constituting the crime.

---

**6.** The State urges us to adopt the inference of guilt imposed in burglary cases when one is found in possession of recently stolen goods. However, to warrant the inference of guilt of burglary from the circumstances of possession alone, the possession must be personal, recent, unexplained, and must involve a distinct and conscious assertion of right to the property by the defendant. *Buchanan v. State,* 780 S.W.2d

467, 469 (Tex.App.—Dallas 1989, pet. ref'd). In a case such as the one at bar, this standard would require the person possessing the stolen electricity to assert that he has a valid right to the electricity. It is highly improbable that anyone in such an instance would argue that they have a legitimate claim to the power source. Thus, the inference could not be invoked in such cases.

Therefore, construing the evidence most favorably to the verdict, we find it is not sufficient to support the jury verdict. *Cf. Edmondson v. State,* 747 S.W.2d 8, 9 (Tex. App.—El Paso 1988, pet. ref'd) (evidence was sufficient to support conviction where appellant initially requested and received gas service at the address and was the only resident at the address). Accordingly, we must sustain appellant's point of error.

Once a reviewing court has found the evidence insufficient to sustain the conviction, a second trial upon the same charge is precluded by the Double Jeopardy Clause of the United States Constitution as applied to the states through the Fourteenth Amendment. *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978). That being true, this state reviewing court has no alternative except to order the prosecution dismissed.

Accordingly, the judgment of the trial court is reversed and the prosecution ordered dismissed.