IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00103-CR

 

Cody Michael Smith,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 220th District Court

Hamilton County, Texas

Trial Court # 03-12-07299-HCCR

 



Opinion



 

Cody Smith was convicted by a jury of tampering
with equipment manufactured and used to hold anhydrous ammonia.  Tex.
Health & Safety Code Ann. § 504.002 (Vernon 2003).[1]  He was sentenced to nine years’
confinement.  He appeals on two issues:
(1) the evidence was insufficient to prove he tampered with anhydrous ammonia
equipment; and (2) the trial court erred in failing to grant his motion for
mistrial.

          We
will overrule the issues and affirm the judgment.

 

 

BACKGROUND

           An employee of Watson Farm & Ranch Supply
testified that one morning he saw a pickup truck on the property.  He saw a man get out the passenger side of
the truck and run toward some anhydrous ammonia tanks.  He then saw a burst of white gas.  The man returned to the pickup which then
left the property.  Another employee also
testified to seeing the cloud of white gas and the man running back to the
pickup truck carrying a “bucket.”  The
manager of the property was alerted and pursued the truck.  The truck was eventually stopped by a Hamilton County deputy and the driver and passenger were placed in custody.  The passenger was Cody Smith, and the driver
was Stephen Smith, Cody’s brother.

“Tampering”

          Cody
argues that the evidence is insufficient to prove he tampered with anhydrous
ammonia equipment.  Although he does not
specify, he seems to be arguing legal, rather than factual, sufficiency.  He argues that the acts testified to at trial
do not constitute “tampering” within the meaning of section 504.002 of the
Health and Safety Code.  When reviewing
the legal sufficiency of the evidence, we look at all the evidence in the light
most favorable to the verdict to determine whether a rational finder of fact
could have found the essential elements of the crime beyond a reasonable
doubt.  Jackson v.
Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560
(1979).

          Resolution
of Cody’s legal insufficiency argument depends upon our interpretation of
“tampers with” in section 504.002.  That
section provides, in relevant part, that a person commits an offense if he
“tampers with equipment manufactured and used to hold, apply, or transport
anhydrous ammonia without the express consent of the owner of the
equipment.”   Tex. Health & Safety Code Ann. § 504.002.  The term “tampers with” is not defined by the
statute.  Absent a definition in the
statute, a word will have its plain meaning unless applying that meaning would
produce an absurd consequence, or if the language is ambiguous.  Boykin
v. State, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991).  Thus we look to the common meaning of term.  Black’s Law Dictionary defines “tamper” as
“to meddle so as to alter (a thing); esp., to make changes that are illegal,
corruptible, or perverting” and “to interfere improperly; to meddle.”  Black’s
Law Dictionary 1494 (8th ed. 2004).

          Cody
argues that because there was no testimony that the tank was damaged, altered,
or made inoperable, no tampering occurred. 
However, the evidence at trial showed that Cody caused the tank to
release its contents.  His conduct was
sufficient to constitute improper interference with and meddling with the tank.

          The
use of the term “tamper” in section 504.002 is analogous to the use of that
term in section 28.03 of the Penal Code, prohibiting criminal mischief, and in
section 466.309 of the Government Code, prohibiting tampering with lottery
equipment.  Tex. Pen. Code Ann. § 28.03 (Vernon 2004-05); Tex. Gov’t Code Ann. § 466.309 (Vernon
2004).  Courts applying section 28.03
have construed the term “tampers with” broadly in cases where the defendants
are charged with tampering with gas or electric meters, tapping into gas or
electrical supplies, or interfering with telephone service.  See
Williams v. State, 596 S.W.2d 862 (Tex. Crim. App. 1980) (interfering with
telephone service); Howlett v. State,
994 S.W.2d 663 (Tex. Crim. App. 1999) (diverting gas from flowing through meter
gauge); Robertson v. State, 888
S.W.2d 493 (Tex. App.—Amarillo 1994, pet. ref’d) (diverting electricity from
electrical wires); Edmondson v. State
747 S.W.2d 8 (Tex. App—El Paso 1988, pet. ref’d) (diverting gas from a public
gas line).  In Williams, the Court of Criminal Appeals construed “tampers with” to
include “conduct that falls short of damaging the property but nevertheless
interferes with the owner’s proprietary rights or abuses the property in a way
that diminishes its value.”  596 S.W.2d
at 865.  “Tampers with” under section
466.309 has been interpreted to include inserting trick money to obtain lottery
tickets without paying for them.  Doyle v. State, 148 S.W.3d 611 (Tex.
App.—Austin 2004, pet. ref’d.).

          The
Legislature’s intent in section 504.002 was not merely to deter physical damage
to anhydrous ammonia containers but to prevent the release of a dangerous gas
and to assist law enforcement in fighting illegal production of
methamphetamine.  By meddling with the
tank so as to release anhydrous ammonia gas, Cody tampered with equipment used
to hold anhydrous ammonia without the consent of the owner of that
equipment.  Finding the evidence legally
sufficient, we overrule this issue.

Undisclosed
Evidence

          Cody
argues that the trial court erred in failing to grant his motion for mistrial
because the State failed to disclose the loss of critical evidence.  The evidence at issue was an “Igloo”
container.  An officer testified that he
recovered the container in a bush on the side of the road, that the container
was missing a handle, and that a handle fitting the container was found inside
the truck.  The State offered a
photograph of the container, but the container itself had been lost.  Cody argued at trial and argues on appeal
that the container was Brady
evidence.  

          To
find a Brady violation, an appellant
must show that: (1) the State failed to disclose evidence, regardless of the
prosecution’s good or bad faith; (2) the withheld evidence is favorable to him;
and (3) the evidence is material.  Hampton v.
State, 86 S.W.3d 603, 612 (Tex. Crim. App. 2002).  Evidence is material if there is a reasonable
probability that the outcome of the trial would have been different if the
evidence had been disclosed.  Id.  "The
mere possibility that an item of undisclosed information might have helped the
defense, or might have affected the outcome of the trial, does not establish
'materiality' in the constitutional sense."  Id.  Whether
the evidence is material is viewed in the context of the overall strength of
the State’s case.  Id. at 613.

          Cody
has not met his burden of showing that, in light of all of the evidence, it is
reasonably probable that the outcome would have been different had the
container been available.  He argues that
if the actual container had been produced, he would have been able to counter
the officer’s testimony that the handle found in the truck fit the container or
demonstrate that neither Cody’s nor Stephen’s fingerprints were on the container.  Assuming without deciding that the container
was evidence favorable to the defense, the testimony regarding the container
was not critical to the prosecution’s case.  The identification of Cody and Stephen Smith
as the persons on the Watson property was established by identification of the
blue pickup truck with a roll of carpet in the back and an officer’s testimony
that Cody smelled strongly of anhydrous ammonia, that he had a runny nose, and that
his eyes were red.  Thus, even if the
defense were able to disprove any connection between the Smiths and the “Igloo”
container, it is unlikely that the outcome of the case would have been
different.

Viewed in the context of the State’s overall
case, the lost container was not material. 
The trial court thus did not abuse its discretion in denying the motion
for mistrial.  We overrule this issue.

CONCLUSION

          Having
overruled the issues, we affirm the judgment.

 

BILL VANCE

Justice

 

Before Chief
Justice Gray,

Justice Vance,
and

Justice Reyna

Affirmed

Opinion delivered
and filed March 23, 2005

Do not publish

[CR25]











    [1]       Cody was tried jointly with his brother,
Stephen Smith.  Stephen appealed to this
court on identical issues.  See Smith v. State, 10-04-00102-CR.