NUMBER 13-10-00583-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI -
EDINBURG 


                                                                                                                     


 

CARLOS ARIAS,                                                                       Appellant,

 

v.

 

THE STATE OF TEXAS,                         
                            Appellee.

                                                                                                                     
  

 

On appeal from the 130th
District Court 

of Matagorda County,
Texas.

                                                                                                                     


 

MEMORANDUM OPINION

 

Before Chief Justice
Valdez and Justices Rodriguez and Garza  

Memorandum Opinion by
Justice Rodriguez

                                                                                                            

Appellant Carlos Arias challenges his
conviction for aggravated assault with a deadly weapon.  See Tex. Penal Code Ann. '
22.02 (West Supp. 2010) (defining aggravated assault); see also
id. § 22.01 (West Supp. 2010) (defining assault).  Arias pleaded not guilty. 
Tried to a jury, Arias was found guilty.  He was sentenced to eighteen years in
the Institutional Division of the Texas Department of Criminal Justice and
assessed a $2000 fine.  By one issue, Arias contends that the evidence was
insufficient to convict him.  We affirm.

I.  Background[1]

            It is undisputed that Angela Irene Mendoza
and others, including acquaintances America Lopinto and Martha Longoria, were
at the Tropicana Bar in Matagorda County, Texas, shooting pool and having
drinks on the night of July 22, 2008.  Following confrontations with a group of
men, which included Arias, Mendoza was stabbed twice in the neck with a broken
beer bottle.  Although a number of patrons of the bar that night were not
interviewed and no photograph or video was taken of the crime scene, four
eyewitnesses, including Mendoza, Lopinto, Longoria, and Ricky Matura, a
security guard, were interviewed.  Arias was indicted for aggravated assault
and, after a jury trial, found guilty of the charged offense.  This appeal
followed. 

II. 
Standard of Review

In a legal sufficiency review, we
consider the entire trial record to determine whether, viewing the evidence in
the light most favorable to the verdict, a rational jury could have found the
accused guilty of all essential elements of the offense beyond a reasonable
doubt.  See Jackson v. Virginia, 443 U.S. 307, 319 (1979); Brooks v. State,
323 S.W.3d 893, 899 (Tex. Crim. App. 2010) (plurality op.); see Laster v.
State, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009); Williams v. State,
235 S.W.3d 742, 750 (Tex. Crim. App. 2007).  This "familiar standard gives
full play to the responsibility of the trier of fact fairly to resolve
conflicts in the testimony, to weigh the evidence, and to draw reasonable
inferences from basic facts to ultimate facts."  Padilla v. State,
326 S.W.3d 195, 200 (Tex. Crim. App. 2010) (quoting Jackson, 443 U.S. at
319).

The trier of fact then is the sole judge
of the facts, the credibility of the witnesses, and the weight given to
testimony.  Tex. Code Crim. Proc. Ann.
art. 38.04 (West 1979); Beckham v. State, 29 S.W.3d 148, 151 (Tex. App.—Houston
[14th Dist.] 2000, pet. ref'd).  We "may not re-evaluate the weight and
credibility of the record evidence and thereby substitute our judgment for that
of the [fact-finder]."  Williams, 235 S.W.3d at 750.  Instead, we
resolve any inconsistencies in the evidence in favor of the final judgment and
consider whether the jury reached a rational decision.  Curry v. State,
30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

Legal sufficiency is measured by the
elements of the offense as defined by a hypothetically correct jury charge.  Villarreal
v. State, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009); Malik v. State,
953 S.W.2d 234, 240 (Tex. Crim. App. 1997).  In this case, Arias committed
aggravated assault if he committed an assault and caused serious
bodily injury to Mendoza with a deadly weapon.  See Tex. Penal Code Ann. '
22.02; see also id. § 22.01.

III. 
Discussion

            By his sole issue, Arias contends that the
evidence presented at trial was not sufficient to establish beyond a reasonable
doubt that he committed the offense of aggravated assault with a deadly
weapon.  Arias claims that no independent evidence was presented to link him to
the commission of the crime although he was present at the scene of the crime.

            Arias asserts that the verdict was decided
against the great weight of the evidence.  He highlights the following
undisputed facts, which he claims support this contention:  (1) Arias was at
the bar with other men dressed in work clothes, like he was; (2) all parties
involved had been consuming alcohol; (3) Arias had not acted out violently with
anyone else in the bar; (4) after Mendoza was stabbed, a group of men left the
bar and none of the men were ever questioned; (5) the bottle used to cut
Mendoza was never recovered; (6) the crime scene was not preserved; and (7)
none of Mendoza's blood was found on Arias's clothing.  Arias argues that he
was convicted without any physical evidence linking him to Mendoza and with
only identifications made by Mendoza's friends who had been drinking on the
night of the offense.

Relying on Robertson v. State, Arias
also asserts that his mere presence at the scene of a crime is insufficient to
sustain his conviction.  See 888 S.W.2d 493, 495 (Tex. App.—Amarillo
1994, pet. ref'd).  We agree that Robertson stands for the proposition
that mere presence at a crime scene is insufficient to sustain a conviction.  See
id.  However, in this case, there is ample evidence, other than Arias's
"mere presence" at the scene, to support his conviction, including
the following:

$          Mendoza testified that she knew it was Arias
who grabbed her from behind at the bar earlier that evening because she saw him
when she turned around to confront him, and shoved him and told him to get off
of her.  Mendoza also testified that she saw Arias later when she looked at him
as he was coming after her with the bottle.

 

$     In court, Mendoza identified Arias as the person who came
at her, who was chased by Lopinto, and who was held by Lopinto and others until
the police arrived.

 

$          Lopinto testified that:  (1) Mendoza went over
and told one of the men, who Lopinto later identified as Arias, to leave
Longoria alone when he had tried to grab Longoria by the arm and pull her
toward him; (2) Arias tried to get to Mendoza to fight her; (3) instead of
leaving as he was asked to do by Matura and others, Arias walked in front of
Lopinto and Mendoza, went "up to the cigarette machine and [got] a beer
bottle," "grabbed it by the neck," "broke it
. . .
[o]n the
machine," and "went after her"; (4)  "[Mendoza] was
standing with her back facing [Arias], and she felt him like coming towards
her.  And she turned, and he jabbed her twice in the neck with the beer
bottle. . . .  She turned just in time—you know, she was
turning this way to look at him. . . .  He stabbed her twice in
the neck"; (5) Arias "took off"; and (6) Lopinto caught Arias
running out, "grabbed him by the shirt and threw him on the street, and
started hitting him with [her] shoe."

 

$     Lopinto provided an in-court identification of Arias as
the man who stabbed Mendoza.  Lopinto testified that "[she] saw every move
he made."

 

$          Lopinto also identified Arias in a photo lineup
at the police station on the night of the attack.

 

$          Longoria testified that she observed the
confrontation between Mendoza and Arias at the Tropicana Bar that night.  After
the men were told to leave, Longoria saw a man pick up his bottle, heard him
break it, and then saw him start slashing and get to Mendoza.  In court,
Longoria identified Arias as that man.  She also heard Mendoza say, "He
cut me."  In addition, Longoria testified, in court, that Arias was the
man who was detained by Matura and other men in the bar and taken into custody—the same man who
stabbed Mendoza.

 

$     Matura testified that some men were bothering the girls that
night and that one of the men was Arias.  After they were asked to leave
because of their continued behavior, something happened.  According to Matura,
while he was outside "the door slammed open and all these guys took off
running outside."  Matura did not know what happened until Lopinto
"came out and started pointing her finger and hollering, "Stop, stop,
stop. . . .  Stop him.  He just stabbed Irene."  Matura
helped detain Arias until the police arrived.  During that time Arias told him,
"Please, please, I'm sorry, you know, please let me go.  Please don't call
the cops."  Matura noticed that Arias had blood on his hand and "a
little bit on his shirt."

 

Considering the entire trial record,
viewing the evidence in the light most favorable to the verdict, and giving
"full
play to the responsibility of the trier of fact fairly to resolve conflicts in
the testimony, to weigh the evidence, and to draw reasonable inferences from
basic facts to ultimate facts," we conclude that a rational
jury could have found beyond a reasonable doubt that Arias
was the person who committed the assault, the element of the
offense being challenged in this appeal.  See Tex. Penal Code Ann. '
22.02; Jackson, 443 U.S. at 319; Brooks,
323 S.W.3d at 899; Padilla, 326 S.W.3d at 200; Laster, 275 S.W.3d
at 517; Williams, 235 S.W.3d at 750.  We overrule Arias's sole issue.

IV. 
Conclusion

            We affirm the judgment of the trial court.

 

                                                                                                             NELDA
V. RODRIGUEZ

                                                                                                             Justice

 

Do not publish.

Tex.
R. App. P.
47.2(b).

 

Delivered and filed
the 

16th day of June,
2011.

                                                                                                                                                            









[1] Because this is a
memorandum opinion and the parties are familiar with the facts, we will not
recite them here except as necessary to advise the parties of the Court's
decision and the basic reasons for it.  See Tex. R. App. P. 47.4.