

NUMBER 13-10-00583-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**CARLOS ARIAS,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

### On appeal from the 130th District Court
### of Matagorda County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Garza
### Memorandum Opinion by Justice Rodriguez

Appellant Carlos Arias challenges his conviction for aggravated assault with a deadly weapon. *See* TEX. PENAL CODE ANN. § 22.02 (West Supp. 2010) (defining aggravated assault); *see also id.* § 22.01 (West Supp. 2010) (defining assault). Arias pleaded not guilty. Tried to a jury, Arias was found guilty. He was sentenced to

eighteen years in the Institutional Division of the Texas Department of Criminal Justice and assessed a $2000 fine. By one issue, Arias contends that the evidence was insufficient to convict him. We affirm.

## I. BACKGROUND[1]

It is undisputed that Angela Irene Mendoza and others, including acquaintances America Lopinto and Martha Longoria, were at the Tropicana Bar in Matagorda County, Texas, shooting pool and having drinks on the night of July 22, 2008. Following confrontations with a group of men, which included Arias, Mendoza was stabbed twice in the neck with a broken beer bottle. Although a number of patrons of the bar that night were not interviewed and no photograph or video was taken of the crime scene, four eyewitnesses, including Mendoza, Lopinto, Longoria, and Ricky Matura, a security guard, were interviewed. Arias was indicted for aggravated assault and, after a jury trial, found guilty of the charged offense. This appeal followed.

## II. STANDARD OF REVIEW

In a legal sufficiency review, we consider the entire trial record to determine whether, viewing the evidence in the light most favorable to the verdict, a rational jury could have found the accused guilty of all essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010) (plurality op.); see *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009); *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). This "familiar standard gives full play to the responsibility of the trier of

---

[1] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

2

fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Padilla v.* State, 326 S.W.3d 195, 200 (Tex. Crim. App. 2010) (quoting *Jackson*, 443 U.S. at 319).

The trier of fact then is the sole judge of the facts, the credibility of the witnesses, and the weight given to testimony. TEX. CODE CRIM. PROC. ANN. art. 38.04 (West 1979); *Beckham v. State*, 29 S.W.3d 148, 151 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd). We "may not re-evaluate the weight and credibility of the record evidence and thereby substitute our judgment for that of the [fact-finder]." *Williams*, 235 S.W.3d at 750. Instead, we resolve any inconsistencies in the evidence in favor of the final judgment and consider whether the jury reached a rational decision. *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

Legal sufficiency is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Villarreal v. State*, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009); *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). In this case, Arias committed aggravated assault if he committed an assault and caused serious bodily injury to Mendoza with a deadly weapon. *See* TEX. PENAL CODE ANN. § 22.02; *see also id.* § 22.01.

## III.   DISCUSSION

By his sole issue, Arias contends that the evidence presented at trial was not sufficient to establish beyond a reasonable doubt that he committed the offense of aggravated assault with a deadly weapon. Arias claims that no independent evidence was presented to link him to the commission of the crime although he was present at the scene of the crime.

3

Arias asserts that the verdict was decided against the great weight of the evidence. He highlights the following undisputed facts, which he claims support this contention: (1) Arias was at the bar with other men dressed in work clothes, like he was; (2) all parties involved had been consuming alcohol; (3) Arias had not acted out violently with anyone else in the bar; (4) after Mendoza was stabbed, a group of men left the bar and none of the men were ever questioned; (5) the bottle used to cut Mendoza was never recovered; (6) the crime scene was not preserved; and (7) none of Mendoza's blood was found on Arias's clothing. Arias argues that he was convicted without any physical evidence linking him to Mendoza and with only identifications made by Mendoza's friends who had been drinking on the night of the offense.

Relying on *Robertson v. State*, Arias also asserts that his mere presence at the scene of a crime is insufficient to sustain his conviction. *See* 888 S.W.2d 493, 495 (Tex. App.—Amarillo 1994, pet. ref'd). We agree that *Robertson* stands for the proposition that mere presence at a crime scene is insufficient to sustain a conviction. *See id*. However, in this case, there is ample evidence, other than Arias's "mere presence" at the scene, to support his conviction, including the following:

- Mendoza testified that she knew it was Arias who grabbed her from behind at the bar earlier that evening because she saw him when she turned around to confront him, and shoved him and told him to get off of her. Mendoza also testified that she saw Arias later when she looked at him as he was coming after her with the bottle.

- In court, Mendoza identified Arias as the person who came at her, who was chased by Lopinto, and who was held by Lopinto and others until the police arrived.

- Lopinto testified that: (1) Mendoza went over and told one of the men, who Lopinto later identified as Arias, to leave Longoria alone when he had tried to grab Longoria by the arm and pull her toward him; (2) Arias tried to get to

4

Mendoza to fight her; (3) instead of leaving as he was asked to do by Matura and others, Arias walked in front of Lopinto and Mendoza, went "up to the cigarette machine and [got] a beer bottle," "grabbed it by the neck," "broke it . . . [o]n the machine," and "went after her"; (4)  "[Mendoza] was standing with her back facing [Arias], and she felt him like coming towards her.  And she turned, and he jabbed her twice in the neck with the beer bottle. . . .   She turned just in time—you know, she was turning this way to look at him. . . .   He stabbed her twice in the neck"; (5) Arias "took off"; and (6) Lopinto caught Arias running out, "grabbed him by the shirt and threw him on the street, and started hitting him with [her] shoe."

- Lopinto provided an in-court identification of Arias as the man who stabbed Mendoza.   Lopinto testified that "[she] saw every move he made."

- Lopinto also identified Arias in a photo lineup at the police station on the night of the attack.

- Longoria testified that she observed the confrontation between Mendoza and Arias at the Tropicana Bar that night.   After the men were told to leave, Longoria saw a man pick up his bottle, heard him break it, and then saw him start slashing and get to Mendoza.  In court, Longoria identified Arias as that man.   She also heard Mendoza say, "He cut me."   In addition, Longoria testified, in court, that Arias was the man who was detained by Matura and other men in the bar and taken into custody—the same man who stabbed Mendoza.

- Matura testified that some men were bothering the girls that night and that one of the men was Arias.   After they were asked to leave because of their continued behavior, something happened.   According to Matura, while he was outside "the door slammed open and all these guys took off running outside."   Matura did not know what happened until Lopinto "came out and started pointing her finger and hollering, "Stop, stop, stop. . . .   Stop him. He just stabbed Irene."   Matura helped detain Arias until the police arrived. During that time Arias told him, "Please, please, I'm sorry, you know, please let me go.  Please don't call the cops."   Matura noticed that Arias had blood on his hand and "a little bit on his shirt."

Considering the entire trial record, viewing the evidence in the light most favorable to the verdict, and giving "full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts," we conclude that a rational jury could have found beyond a

5

reasonable doubt that Arias was the person who committed the assault, the element of the offense being challenged in this appeal.  *See* TEX. PENAL CODE ANN. § 22.02; *Jackson*, 443 U.S. at 319; *Brooks*, 323 S.W.3d at 899; *Padilla*, 326 S.W.3d at 200; *Laster*, 275 S.W.3d at 517; *Williams*, 235 S.W.3d at 750.   We overrule Arias's sole issue.

## IV.  CONCLUSION

We affirm the judgment of the trial court.


NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
16th day of June, 2011.

6